## COMMISSIONER OF INTERNAL REVENUE v. BLAISE.

### No. 2374.

Circuit Court of Appeals, Tenth Circuit.

Feb. 26, 1942.

Louise Foster, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch, Sp. Asst. to Atty. Gen., on the brief), for petitioner.

Clark G. Clinton, of Dallas, Tex., for respondent.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

H. T. Lockwood, Inc., a California corporation, was organized in 1925. Respondent was not one of the incorporators. The corporation issued him fifty shares of capital stock, for which he paid $5,000. This it had no legal right to do, since the permit under which it operated limited the sale of stock to incorporators. The stock certificates evidencing this interest were void and conferred no title or interest in the corporation under the California law. Respondent was unaware of this infirmity in his title. In 1929 he received a seventy-five per cent cash dividend on his stock. During 1934 the infirmity in his legal title to the stock was called to his attention and he was asked to sign an agreement whereby the company recognized its indebtedness to him for the $5,000, he to agree to the cancellation of the indebtedness by the issuance of fifty shares of the authorized stock which the company then or very shortly thereafter had authority to issue to him. At first he demurred and demanded the repayment to him of the $5,000, together with six per cent interest, less the dividend of seventy-five per cent he had received in 1929. The company had suffered severe reverses during the depression, and admittedly in 1934 was in a bad way financially. Respondent ultimately agreed to accept shares of the lawful stock for his claim against the corporation. This stock was issued to him in 1934. In 1935 the company was liquidated and respondent received $244.90 in liquidation.

In his 1935 income tax return, respondent claimed a deduction of $4,755.10, as the loss suffered on this stock. The Commissioner concluded that he held this stock from the date of the issuance of the void certificates in 1925, and therefore limited the deductible loss to thirty per cent of the amount claimed.[1] Respondent appealed from the decision of the Commissioner to the Board of Tax Appeals. The Board reversed the Commissioner and allowed a deduction of eighty per cent of the claimed loss of $4,-755.10. The Commissioner has appealed.

Viewing the transaction as we do, it will not be necessary to decide whether respondent held the stock within the meaning of the applicable revenue act from 1925,

---

[1] Revenue Act of 1934.

"§ 117. *Capital Gains and Losses.*

"(a) *General Rule.* In the case of a taxpayer, other than a corporation, only the following percentages of the gain or loss recognized upon the sale or exchange of a capital asset shall be taken into account in computing net income:

\* \* \* \* \* \*

"80 per centum if the capital asset has been held for more than 1 year but not for more than two years;

\* \* \* \* \* \*

"30 per centum if the capital asset has been held for more than 10 years." 26 U.S.C.A.Int.Rev.Acts, page 707.

**384**

when the void stock certificates were issued, or from 1934 when he received valid certificates, for in neither event does he have just cause to complain of the decision of the Commissioner. For the purpose of this opinion it will be assumed, as respondent contends, that he was the holder of the stock in the company only from 1934 when he secured valid stock certificates. It therefore follows that respondent bought no stock in 1925. According to his own contention, at that time he advanced or loaned the corporation $5,000. In his brief he states that the corporation was indebted to him in this amount. All he invested in the stock of the company in 1934 was this claim or debt, but in 1934 the corporation did not owe him $5,000, because in 1929 it paid him $3,750. True, the company thought it was paying him a dividend, but in this it was mistaken, as he was not a stockholder. In 1934 the company owed him only $1,250, plus some accrued interest. Respondent recognized this by demanding in 1934 a return of the $5,000 and interest, less the payment of $3,750.

But he did not invest even $1,250 in the stock of the company. What he actually invested in 1934 was the then value of this claim in the principal amount of $1,250 and accrued interest. The record does not reveal what the value of the claim was at that time. Admittedly it was much less than the face value thereof, because the company was then in dire financial straits and was liquidated shortly thereafter, at which time respondent received as a liquidating dividend on his $5,000 par value stock only $244.90. He himself recognized that the claim was at that time practically worthless, because he did not want to accept stock of the par value of $5,000 in satisfaction of the claim he then held in the principal sum of $1,250.

According to his own position regarding ownership, what he was entitled to deduct was eighty per cent of the value of his claim against the company in 1934, less the $244.90 liquidating dividend which he received in 1935. This is admittedly less than the deduction which the Commissioner allowed him. It follows, therefore, that his appeal to the Board was without merit. The Commissioner allowed him a greater deduction than he was entitled to, taking his own view of the transaction.

Reversed and remanded, with directions to compute the tax in accordance with the deficiency proposed by the Commissioner.